FILED
2018 Jul-27 AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| COLLIN REID,[1] ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Civil Action Number |
| JEFF B. SESSIONS, *et al.*, ) | 5:18-cv-00061-AKK-JHE |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On January 9, 2018, Collin Reid filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, Reid, a native of Jamaica,[2] was incarcerated at the Etowah County Detention Center in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). Reid alleges he was being illegally detained by ICE pending his deportation to Jamaica. *Id.* at 1. On July 26, 2018, Reid was deported from the United States. Docs. 20, 20-1. The Respondents have filed a motion to dismiss the action as moot, as Reid is no longer in ICE custody. Doc. 20. For the reasons stated below, the Respondents' motion is due to be granted.

---

[1] On July 25, 2018, the Respondents filed a status report indicating that the "Petitioner's true identity is that of Leroy Cleghorn." Doc. 19. Nevertheless, this order refers to the Petitioner as "Collin Reid," the name under which he filed the petition.

[2] Reid contends that he is not in fact Jamaican, but is instead stateless. Doc. 1 at 1-2.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

This is precisely the case here, where the relief Reid seeks is release from ICE custody. Because Reid is no longer in ICE custody, his petition is moot, where, as here, neither the collateral consequences exception, *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968), nor the "capable of repetition yet evading review" exception, *see Murphy v. Hunt*, 455 U.S. 478, 482 (1982), apply. Therefore, because there is no longer any relief that the court can grant to Reid, his petition is moot.

Accordingly, the Respondents' motion to dismiss, doc. 20, is **GRANTED**. A separate order will be entered.

**DONE** the 27th day of July, 2018.

_/s/ Abdul Kallon_
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE